IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BODE & GRENIER, L.L.P.<br>    1150 Connecticut Avenue, NW<br>    Ninth Floor<br>    Washington, D.C. 20036<br><br>        Plaintiff,<br><br>    v.<br><br>CARROLL L. KNIGHT<br>    32214 Old Timber Road<br>    Farmington Hill, Michigan 48018<br><br>    - and -<br><br>DELTA FUELS, INC.<br>    40600 Grand River<br>    Novi, Michigan 48375<br>        Serve: Resident Agent<br>            Carroll L. Knight<br>            40600 Grand River<br>            Novi, Michigan 48375<br><br>    - and -<br><br>DELTA FUELS OF MICHIGAN, INC.<br>    40600 Grand River<br>    Novi, Michigan 48375<br>        Serve: Resident Agent<br>            Carroll L. Knight<br>            40600 Grand River<br>            Novi, Michigan 48375 | Case No.: _____ |

|                                              |   |
|----------------------------------------------|---|
| - and -                                      | ) |
|                                              | ) |
| **KNIGHT ENTERPRISES, INC.**                 | ) |
|    **40600 Grand River**      | ) |
|    **Novi, Michigan 48375**   | ) |
|     Serve: Resident Agent| ) |
|       **Carroll L. Knight**  | ) |
|       **40600 Grand River**  | ) |
|       **Novi, Michigan 48375** | ) |
|                                              | ) |
| **Defendants.**                              | ) |
|                                              | ) |

## COMPLAINT AND JURY DEMAND

Plaintiff, Bode & Grenier, L.L.P., states as follows for its Complaint against Defendants: Carroll L. Knight; Delta Fuels, Inc.; Delta Fuels of Michigan, Inc.; and Knight Enterprises, Inc. This is an action for damages arising out of Defendants' failure to pay Plaintiff for legal services that Plaintiff provided to Defendants.

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1332(a)(1) (2007), insofar as Plaintiff is a citizen of a different state than each Defendant, and the amount in controversy in this matter exceeds $75,000.00, exclusive of interest and costs.

2. This Court has personal jurisdiction over Defendants insofar as they purposefully availed themselves of the privilege of conducting business in the District of Columbia. Defendants have, directly or by their agents: transacted business in the District of Columbia; caused tortious injury in the District of Columbia by acts and omissions in the District of Columbia; and caused tortious injury in the District of Columbia by acts and omissions outside the District of Columbia while engaging in persistent courses of conduct in the District of

Columbia.

3. Venue in this action properly lies in the United States District Court for the District of Columbia pursuant to 28 U.S.C. § 1391(a)(2), insofar as a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in the District of Columbia.

## THE PARTIES

4. Bode & Grenier, L.L.P. ("Bode & Grenier" and "the firm") is and was, at all relevant times, a law firm that represents clients in civil litigation in state and federal courts throughout the nation. Bode & Grenier maintains its principal place of business at 1150 Connecticut Avenue, NW, Washington, D.C. 20036, and is a domestic limited liability partnership registered to do business in the District of Columbia.

5. Delta Fuels, Inc. ("Delta") is and was, at all relevant times, a for-profit corporation organized under the laws of the State of Michigan. Delta maintains its principal place of business at 40600 Grand River, Novi, Michigan, 48375.

6. Delta Fuels of Michigan, Inc. ("Delta Michigan") is and was, at all relevant times, a for-profit corporation organized under the laws of the State of Michigan. Delta Michigan maintains its principal place of business at 40600 Grand River, Novi, Michigan, 48375.

7. Knight Enterprises, Inc. ("Knight Enterprises") is and was, at all relevant times, a for-profit corporation organized under the laws of the State of Michigan. Knight Enterprises maintains its principal place of business at 40600 Grand River, Novi, Michigan, 48375.

8. Carroll L. Knight ("Mr. Knight") is an adult resident of the State of Michigan. Upon information and belief, Mr. Knight is and was, at all relevant times, the

president, director, and sole corporate officer of Delta, Delta Michigan, and Knight Enterprises. Upon information and belief, Mr. Knight is the sole stockholder of Delta, Delta Michigan, and Knight Enterprises.

## FACTUAL BACKGROUND

9. During Bode & Grenier's thirteen-year representation of Delta, Delta Michigan, Knight Enterprises, and Mr. Knight (collectively "Defendants"), the firm represented Defendants in a wide variety of matters, including but not limited to: litigation relating to gasoline contracts and petroleum futures (*MG Refining & Marketing, Inc., v. Knight Enterprises, Inc. et al.* and *Cary Oil Co., Inc., et al., v. MG Refining & Marketing, Inc., et al.* in 1994-2003); regulatory proceedings relating to Defendants' 1994 taxes; and multiple litigations arising out of a petroleum spill at Defendants' property (e.g. *Delta Fuels, Inc. v. Consolidated Environmental Services, et al.* in 2005-2007).

10. With regard to the *Delta Fuels, Inc. v. Consolidated Environmental Services, et al.* litigation and related matters, Bode & Grenier, a District of Columbia law firm, represented Defendants between December, 2005 and June, 2008.

11. On or about December 28, 2005, Mr. Knight, acting individually and as an agent of all Defendants, called Mr. Bode via telephone. Mr. Knight placed the call from Novi, Michigan to Mr. Bode at the firm's office in the District of Columbia. Mr. Knight informed Mr. Bode that a new matter had arisen that impacted all Defendants. This matter related to a 100,000 gallon petroleum spill that occurred at Defendants' property in Toledo, Ohio on November 25, 2005 (the "Spill"). Mr. Knight asked the firm to represent Defendants pursuant to the normal terms of their long-standing representation agreement. Mr. Bode agreed.

12. During Bode & Grenier's thirteen-year representation of Defendants, Bode & Grenier and Defendants had an explicit, verbal agreement regarding Bode & Grenier's legal representation of Defendants (the "Agreement"). Pursuant to the Agreement, Bode & Grenier provided legal counsel to Defendants, and represented Defendants in various litigations, at the request of Defendants. Pursuant to the Agreement, Bode & Grenier billed Defendants monthly consistent with Bode & Grenier's standard rates and practices. Pursuant to the Agreement, Defendants were obligated to pay Bode & Grenier's monthly bills.

13. During Bode & Grenier's representation of Defendants, Defendants' agents, employees, officers, directors, and/or stockholders (including but not limited to Mr. Carroll Knight) frequently communicated with Bode & Grenier regarding various matters relating to the representation. These communications occurred via telephone, facsimile, electronic mail, and/or U.S. Mail. Many of these communications were initiated by Defendants.

14. During Bode & Grenier's representation of Defendants, Bode & Grenier provided nearly all the legal services requested by Defendants at the firm's offices in the District of Columbia. Bode & Grenier occasionally provided legal services outside the District of Columbia, but such services constituted a small proportion of the total services provided to Defendants. Such services were performed outside the District of Columbia primarily as a result of depositions, hearings, and/or trials that were scheduled for locations outside the District of Columbia (mainly in Toledo, Ohio).

15. During Bode & Grenier's representation of Defendants, Defendants communicated and met with several attorneys associated with the firm. Numerous attorneys associated with the firm worked on Defendants' legal matters. However, William H. Bode, Esquire, the managing partner of Bode & Grenier, LLP, supervised all matters relating to Bode

& Grenier's representation of Defendants. Mr. Bode was Defendants' primary contact person at the firm. He spoke to, met, and exchanged correspondence with Defendants on innumerable occasions.

16.  Between December, 2005 and June, 2008, Bode & Grenier represented Defendants in numerous matters arising out of the Spill. Such matters include, but are not limited to: *Delta Fuels, Inc. v. Ohio Department of Transportation* (Ohio Court of Claims Case No. 2006-03265); *Delta Fuels v. Consolidated Environmental Services, et al.* (Lucas County Court of Common Pleas Case No. CI0200603275); *TTL Associates, Inc. v. Delta Fuels, Inc.* (Lucas County Court of Common Pleas Case No. CI0200604529); *Enbridge Pipelines (Toledo), Inc., et al. v. Delta Fuels, Inc.* (United States District Court for the Northern District of Ohio Case No. 3:06-CV-2469).

17.  During the same time period, Bode & Grenier counseled Defendants, and represented Defendants, regarding various regulatory issues involving, *inter alia*, the Ohio Environmental Protection Agency, the United States Environmental Protection Agency, the United States Coast Guard National Pollution Funds Center, the City of Toledo, Ohio, and Lucas County, Ohio.

18.  Bode & Grenier's activities on behalf of Defendants included, but were not limited to: responding to Notices of Violations issued by the City of Toledo, Ohio, the Ohio Environmental Protection Agency, and Lucas County, Ohio; responding to notices, orders, and demands issued by the United States Environmental Protection Agency; representing Defendants in suits by remediation contractors who were not paid by Defendants; representing Defendants in response to a civil lawsuit and motion for a temporary restraining order filed by pipeline companies alleging damage to their pipeline arising from the Spill and from construction

activities at Defendants' Toledo property; filing suit against the Ohio Department of Transportation ("ODOT") and ODOT contractors alleging that construction activities on Defendants' Toledo property undermined the integrity of Defendants' secondary containment system and worsened the environmental consequences of the Spill; reviewing a Spill Prevention, Control, and Countermeasure Plan for a subsidiary of Knight Enterprises, Inc.; representing Mr. Knight with regard to various motions to pierce the corporate veil to hold him personally liable for the debts of Delta Fuels and Knight Enterprises, and numerous other related and necessary activities.

19. During the course of the representation, Defendants and their employees and agents made hundreds of phone calls to Bode & Grenier's Washington, D.C. office, and shipped thousands of pages of documents on dozens of occasions to Bode & Grenier's Washington, D.C. office.

20. Between December, 2005 and June 2008, Bode & Grenier's work on behalf of Defendants was conducted primarily in the District of Columbia. Defendants frequently corresponded with Bode & Grenier in the District of Columbia.

21. Between December, 2005 and June, 2008, Bode & Grenier billed Defendants monthly consistent with Bode & Grenier's standard rates and billing practices pursuant to the Agreement.

22. Between December, 2005 and January 2007, Defendants sporadically paid Bode & Grenier's monthly bills pursuant to the Agreement.

23. However, Defendants ceased paying Bode & Grenier's monthly bills, thus breaching their obligations under the Agreement.

24. Mr. Bode spoke to Mr. Knight regarding Defendants' delinquent accounts.

Mr. Knight stated that Defendants were strapped for cash, and that Defendants intended to promptly sell fifty-two retail petroleum outlets (and other real estate) to raise the cash necessary to pay their delinquent legal bills. In addition, Mr. Knight stated that Defendants intended to use proceeds from such sales to fund future attorneys' fees and expenses. Mr. Knight asked Bode & Grenier to continue representing Defendants until such sales were executed. Over the subsequent weeks and months, Mr. Knight repeatedly assured Mr. Bode that the foregoing statements were true, and accurately represented his plans and intentions.

25. In subsequent conversations regarding the payment of delinquent legal bills, Mr. Knight repeatedly assured Mr. Bode that Mr. Knight was worth $20 million personally, and that he stood behind Delta, Delta Michigan, and Knight Enterprises. Mr. Knight repeatedly, explicitly, unambiguously, and personally guaranteed payment of all delinquent and future legal fees and expenses incurred by Defendants.

26. As consideration in exchange for Mr. Knight's guarantee, Bode & Grenier agreed to perform further legal services for Defendants.

27. Mr. Bode and Bode & Grenier relied upon Mr. Knight's statements, and continued to represent Defendants based on Mr. Knight's assurances. Such reliance was reasonable, given Bode & Grenier's long-standing representation of Defendants, as well as Bode & Grenier's knowledge at the time of Defendants' real estate holdings.

28. Mr. Knight subsequently withdrew all of Defendants' real estate holdings from the market.

29. On or about August 2, 2007, Mr. Knight stated that he had never intended to use proceeds from the real estate sales to pay Defendants' delinquent legal bills, or to fund future attorneys' fees and expenses. He stated that, instead, he had always intended to use such

monies to fund Defendants' development of "bio diesel" facilities.

30. Mr. Bode formally notified Mr. Knight that the firm was terminating its services to Defendants and representation of Defendants unless Mr. Knight provide partial security for the amounts due and owing, and execute a Promissory Note and Confession of Judgment. By letter of August 7, 2007, Mr. Knight signed a Retention Letter iterating the terms under which Bode & Grenier were providing legal services, acknowledging that Bode & Grenier was owed $446,566.00 for legal services as of that date, and executing a promissory note for $300,000.00 payable to Bode & Grenier on May 1, 2008, in partial payment of this obligation.

31. On May 1, 2008, the Defendants failed to pay monies then due and owing under the Promissory Note. Bode & Grenier was thus compelled to execute on the Confession of Judgment accompanying the Promissory Note and, via garnishment, to recover the $300,000.00 payment in partial satisfaction of the monies owed it by Defendants.

32. The various Courts before which Bode & Grenier represented Defendants granted the Firm's motion to withdraw as counsel on or about May, 2008.

33. As of the date of this Pleading, Defendants' unpaid bills to Bode & Grenier total $75,105.97.

34. At all times (including throughout Bode & Grenier's representation of Defendants) Delta, Delta Michigan, and Knight Enterprises were and are mere instrumentalities and alter egos of Mr. Knight. Mr. Knight improperly and fraudulently used Delta, Delta Michigan, and Knight Enterprises to, *inter alia*, breach the Agreement and avoid compensating Bode & Grenier for legal services it provided to Defendants.

## COUNT I
## Breach of Contract
## (All Defendants)

35. Paragraphs 1-34 are incorporated by reference as though fully set forth herein.

36. As set forth more fully above, Plaintiff and Defendants entered into an agreement whereby Plaintiff would provide legal services to Defendants, and Defendants would provide financial compensation to Plaintiff in exchange for those services.

37. Plaintiff provided legal services to Defendants pursuant to the agreement.

38. Defendants have breached the agreement by failing to provide financial compensation to Plaintiff for those services.

39. Plaintiff has been damaged by Defendants' breaches in an amount of not less than $75,105.97.

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, as follows:

(1) For compensatory damages in the amount of not less than $75,105.97, which amount shall be proven at trial;

(2) For costs and expenses associate with this suit; and

(3) For such other and further relief as this Court deems appropriate.

## COUNT II
### *Quantum Meruit* / Unjust Enrichment
### (All Defendants)

40. Paragraphs 1-39 are incorporated by reference as though fully set forth herein.

41. Plaintiff provided legal services to Defendants, which conferred a benefit on Defendants.

42. Defendants have failed to compensate Plaintiff for that benefit.

43. Compensation by Defendants to Plaintiff is reasonably expected under these circumstances, and it would be inequitable and/or unjust for Defendants to retain their benefit without compensating Plaintiff.

44. Defendants have derived benefits from Plaintiff, for which they have failed to compensate Plaintiff, totaling not less than $75,105.97.

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, as follows:

(1) For compensatory damages in the amount of not less than $75,105.97, which amount shall be proven at trial;

(2) For costs and expenses associate with this suit; and

(3) For such other and further relief as this Court deems appropriate.

## COUNT III
### Guaranty
### (Defendant Carroll L. Knight)

45. Paragraphs 1-44 are incorporated by reference as though fully set forth herein.

46. Mr. Knight clearly and unambiguous expressed his intent to act as a guarantor of the debts that Delta, Delta Michigan, and Knight Enterprises owed to Plaintiff for the legal services that Plaintiff provided.

47. Such debts total not less than $75,105.97.

WHEREFORE, Plaintiff demands judgment against Carroll L. Knight as follows:

(1) For compensatory damages in the amount of not less than $75,105.97, which amount shall be proven at trial;

(2) For costs and expenses associate with this suit; and

(3) For such other and further relief as this Court deems appropriate.

## COUNT IV
### Piercing the Corporate Veil
### (Defendant Carroll L. Knight)

48. Paragraphs 1-47 are incorporated by reference as though fully set forth herein.

49. Delta, Delta Michigan, and Knight Enterprises (the "Corporations") are mere instrumentalities and alter egos of Mr. Knight.

50. Mr. Knight improperly and fraudulently used the Corporations to avoid compensating Plaintiff for legal services it provided to Mr. Knight and the Corporations.

51.   Plaintiff has incurred damages as a result of Mr. Knight's improper and fraudulent use of the Corporations, including but not limited to loss of attorneys' fees totaling not less than $75,105.97.

WHEREFORE, Plaintiff demands judgment against Carroll L. Knight as follows:

(1)   For compensatory damages in the amount of not less than $75,105.97, which amount shall be proven at trial;

(2)   For costs and expenses associate with this suit; and

(3)   For such other and further relief as this Court deems appropriate.

                Respectfully submitted,

                BODE & GRENIER, L.L.P.

By:    Michael K. Hibey (D.C. Bar #502890)
        1150 Connecticut Avenue, N.W.
        Ninth Floor
        Washington, D.C.
        (202) 862-4307
        (202) 862-4130
        *Counsel for Plaintiff*

**Date: July 31, 2008**

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

## I (a) PLAINTIFFS
Bode & Grenier, LLP

## DEFENDANTS
Carroll L. Knight, Delta Fuels, Inc., Delta Fuels of Michigan, Inc., and Knight Enterprises, Inc.

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  11001
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Michael K. Hibey, Esq.
Bode & Grenier, LLP
1150 Connecticut Avenue, N.W., Ninth Floor
Washington, D.C. 20036       (202) 828-4100

ATTORNEYS (IF KNOWN)

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

- ○ 1 U.S. Government Plaintiff
- ○ 2 U.S. Government Defendant
- ○ 3 Federal Question (U.S. Government Not a Party)
- ● 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ● 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ● 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

### ○ A. Antitrust
☐ 410 Antitrust

### ○ B. Personal Injury/Malpractice
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

### ○ C. Administrative Agency Review
☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)
Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

### ○ D. Temporary Restraining Order/Preliminary Injunction
Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

### ○ E. General Civil (Other)    OR    ○ F. Pro Se General Civil

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ○ G. *Habeas Corpus/ 2255* | ○ H. *Employment Discrimination* | ○ I. *FOIA/PRIVACY ACT* | ○ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ○ K. *Labor/ERISA (non-employment)* | ○ L. *Other Civil Rights (non-employment)* | ● M. *Contract* | ○ N. *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☒ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

- ● 1 Original Proceeding
- ○ 2 Removed from State Court
- ○ 3 Remanded from Appellate Court
- ○ 4 Reinstated or Reopened
- ○ 5 Transferred from another district (specify)
- ○ 6 Multi district Litigation
- ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
28 U.S.C. §1332; Breach of contract

**VII. REQUESTED IN COMPLAINT**   CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 ☐   DEMAND $ 75,105.97   Check YES only if demanded in complaint
JURY DEMAND:   YES ☐   NO ☒

**VIII. RELATED CASE(S) IF ANY**   (See instruction)   YES ☐   NO ☒   If yes, please complete related case form.

DATE  7-31-08   SIGNATURE OF ATTORNEY OF RECORD  *[signature]*

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.   COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.   CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.   CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.   CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.   RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.