IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BODE & GRENIER, L.L.P. )<br> 1150 Connecticut Avenue, NW )<br> Ninth Floor )<br> Washington, D.C.  20036 )<br>)<br>  Plaintiff, Counter-Defendant )<br>)<br>-vs- )<br>)<br>CARROLL L. KNIGHT, )<br> 34214 Old Timber Road )<br> Farmington Hills, MI 48018 )<br>)<br>-and- )<br>)<br>DELTA FUELS, INC., )<br> 40600 Grand River )<br> Novi, Michigan 48375 )<br>)<br>-and- )<br>)<br>DELTA FUELS OF MICHIGAN, INC., )<br> 40600 Grand River )<br> Novi, Michigan 48375 )<br>)<br>-and- )<br>)<br>KNIGHT ENTERPRISES, INC., )<br> 40600 Grand River )<br> Novi, Michigan 48375 )<br>)<br>  Defendants, Counterclaimants )<br>_____) | Case No: 1:08-cv-01323-RWR |

**DEFENDANTS' ANSWER TO COMPLAINT, AFFIRMATIVE
DEFENSES, COUNTERCLAIM AND JURY DEMAND**

## ANSWER

Defendants Carroll L. Knight, Delta Fuels, Inc., Delta Fuels of Michigan, Inc., and Knight Enterprises, Inc. in answer to the Complaint state as follows:

1. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegation that Plaintiff is a citizen of a different state than each Defendant, and therefore denies the same. In other respects, this paragraph asserts a legal conclusion to which no response is required. Defendants deny that any amount is due and owing to Plaintiff.

2. The factual allegations contained in this paragraph are denied. This paragraph asserts a legal conclusion to which no response is required. Defendants deny that this court may exercise personal jurisdiction over Defendants pursuant to the Due Process Clause of the U.S. Constitution.

3. This paragraph asserts a legal conclusion to which no response is required. Defendants deny that venue is proper in this Court.

4. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

5. Defendants admit the allegation in this paragraph.

6. Defendants admit the allegation in this paragraph.

7. Defendants admit the allegation in this paragraph.

8. Defendants admit only that Mr. Knight is an adult resident of the state of Michigan and that he was at all relevant times the president, director and sole shareholder of Knight Enterprises. Defendants also admit that Mr. Knight is the

president and director of Delta Fuels, Inc. and Delta Fuels of Michigan, Inc. Defendants deny the remaining allegations as untrue.

9. Defendants admit only that Bode & Grenier, L.L.P. represented Knight Enterprises and Delta Fuels, Inc. in three matters. Defendants deny the remaining allegations as untrue.

10. Defendants admit only that Plaintiff represented Delta Fuels, in the *Delta Fuels, Inc.* litigation. Defendants deny the remaining allegation in this paragraph.

11. Defendants deny that Plaintiff represented Mr. Knight individually. Defendants admit that Knight & Grenier represented Knight Enterprises, Delta Fuels and Delta Fuels of Michigan in connection with the petroleum spill.

12. Defendants admit only that a verbal agreement existed between Bode & Grenier and Knight Enterprises, Inc., Delta Fuels, Inc., and Delta Fuels of Michigan, Inc. Defendants deny the remaining allegations.

13. Defendants admit only that certain communications occurred between Defendants and Bode & Grenier, some of which were initiated by Defendants. Defendants cannot admit or deny the remaining allegations as they are unanswerable in their present form. If a further response is required, Defendants state that they lack knowledge or information sufficient to form a belief about the truth of the remaining allegations.

14. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

15. Defendants admit only that they had communications and meetings with Bode & Grenier. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations.

16. Defendants admit only that Plaintiff represented Delta Fuels, Inc. with regard to the listed matters. Defendants deny the remaining allegations.

17. Defendants admit only that Plaintiff represented Delta Fuels, Inc. with regard to the listed matters. Defendants deny the remaining allegations.

18. Defendants admit only that Plaintiff represented Delta Fuels, Inc. with regard to the listed matters. Defendants deny the remaining allegations.

19. Defendants admit only that certain communications occurred between Defendants and Bode & Grenier, some of which were initiated by Defendants. Defendants cannot admit or deny the remaining allegations as they are unanswerable in their present form. If a further response is subsequently required by court order, Defendants state that they lack knowledge or information sufficient to form a belief about the truth of the remaining allegations.

20. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

21. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

22. Defendants admit that Knight Enterprises, Inc. made payments to Plaintiffs; Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations.

23. Defendants deny this allegation because it is untrue.

24. Defendants deny as untrue the allegations contained in this paragraph.

25. Defendants deny this allegation because it is untrue.

26. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

27. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

28. Defendants deny this allegation because it is untrue.

29. Defendants deny this allegation because it is untrue.

30. Defendants admit the allegation in this paragraph.

31. Defendants admit that the Confession of Judgment was filed with the Oakland County Circuit Court.

32. Defendants admit the allegation in this paragraph.

33. Defendants deny the allegations in this paragraph because they are untrue.

34. Defendants deny the allegations in this paragraph because they are untrue.

35. Defendants incorporate their responses contained in paragraphs 1–34 as if fully set forth herein.

36. Defendants admit the allegation in this paragraph.

37. Defendants admit the allegation in this paragraph.

38. Defendants deny the allegations in this paragraph because they are untrue.

39. Defendants deny the allegations in this paragraph because they are untrue.

40. Defendants incorporate their responses contained in paragraphs 1– 39 as if fully set forth herein.

41. Defendants admit the allegations in this paragraph.

42. Defendants deny the allegations in this paragraph because they are untrue.

43. Defendants deny the allegations in this paragraph because they are untrue.

44. Defendants deny the allegations in this paragraph because they are untrue.

45. Defendants incorporate their responses contained in paragraphs 1– 44 as if fully set forth herein.

46. Defendants deny the allegations in this paragraph because they are untrue.

47. Defendants deny the allegations in this paragraph because they are untrue.

48. Defendants incorporate their responses contained in paragraphs 1– 47 as if fully set forth herein..

49. Defendants deny the allegations in this paragraph because they are untrue.

50. Defendants deny the allegations in this paragraph because they are untrue.

51. Defendants deny the allegations in this paragraph because they are untrue.

52. Defendants deny all other allegations of the Complaint not expressly admitted in this Answer.

WHEREFORE, Defendants respectfully request that this Honorable Court deny the Complaint in its entirety and grant Defendants costs and attorney fees.

## AFFIRMATIVE DEFENSES

Defendants Carroll L. Knight, Delta Fuels, Inc., Delta Fuels of Michigan, Inc., and Knight Enterprises, Inc. state the following affirmative defenses to Plaintiff's Complaint:

1. This Court may lack personal jurisdiction over some or all of Defendants.

2. The Court may lack subject matter jurisdiction, in that complete diversity cannot be determined from the allegations of the Complaint, which are legally insufficient.

3. Venue is improper in this Court.

4. Plaintiff has already maintained an action on this liability, brought it to judgment, and is therefore barred from bringing the instant claims.

5. Plaintiff is barred by the doctrines of res judicata, collateral estoppel and laches, and by the applicable statute of limitations.

6. Plaintiff is barred from relief under Count III by the statute of frauds.

7. Plaintiff is barred from relief by virtue of its breaches of fiduciary duty to Defendants including, without limitation, unwarranted disclosure of confidences, secrets and privileged communications in the Complaint, in violation of provisions of the District of Columbia Rules of Professional Conduct.

7. The Complaint fails to state a claim upon which relief can be granted.

WHEREFORE, Defendants respectfully request that this Honorable Court deny the Complaint in its entirety and grant Defendants costs and attorney fees.

**COUNTERCLAIM FOR DISGORGEMENT/FORFEITURE OF LEGAL FEES**

Counterclaimants Carroll L. Knight, Delta Fuels, Inc., Delta Fuels of Michigan, Inc., and Knight Enterprises, Inc., as and for their Counterclaim against Counter-Defendant Bode & Grenier, L.L.P., state as follows:

1. The jurisdiction of the Court with respect to this Counterclaim is founded upon the doctrine of ancillary jurisdiction. See Moore v. New York Cotton Exchange, 270 U.S. 593, 46 S. Ct. 367, 70 L. Ed. 750 (1926).

2. Counter-Defendant is a law firm, with an office at 1150 Connecticut Avenue, N.W., Washington, D.C. 20036.

3. The allegations contained in Paragraphs 5, 6 and 7 and the first sentence of Paragraph 8 of the Complaint are incorporated herein by reference, as if set forth at length.

4. Counterclaimants retained Counter-Defendant to render various legal services for them commencing approximately thirteen (13) years ago.

5. As a firm of attorneys at law, Counter-Defendant owed a fiduciary duty to Counterclaimants to maintain Counterclaimants' confidences, secrets and privileged communications inviolate, except in extraordinary situations in which disclosure is permitted or mandated by applicable law or professional ethics and standards of practice.

6. In flagrant violation of Counter-Defendant's fiduciary duty to preserve Counterclaimants' confidences, secrets and privileged communications, Counter-Defendant, for its own advantage and self-serving purposes, alleged, averred and

       disclosed Counterclaimants' confidences, secrets and privileged communications, acquired during the course of representation of Counterclaimants and for the purposes of such representation, in the Complaint herein, a document which was not filed under seal.

7.    The allegations, averments and disclosures of Counterclaimants' confidences, secrets and privileged communications in the Complaint constitute a clear violation of Rule 1.6 of the District of Columbia Rules of Professional Conduct, because they went far beyond the minimum disclosure permitted by the said Rule in an action by a lawyer to collect a fee.

8.    Counterclaimants have paid substantial sums of money to Counter-Defendant over the period of approximately thirteen years for legal services rendered, in an amount to be determined.

9.    For Counter-Defendant's egregious breach of one of the highest and most sacred fiduciary duties of the legal profession, Counter-Defendant should forfeit and disgorge all legal fees paid to it by Counterclaimants.

WHEREFORE, Counterclaimants pray that judgment be entered against Counter-Defendant in an amount equal to all sums of money paid to Counter-Defendant by Counterclaimants for legal services rendered, plus reasonable attorney's fees and the costs in this behalf expended.

**JURY DEMAND**

Defendants-Counterclaimants Carroll L. Knight, Delta Fuels, Inc., Delta Fuels of Michigan, Inc., and Knight Enterprises, Inc. demand a trial by jury on all issues of fact in this matter.

Dated: August 25, 2008         */s/ Vaughn W. Royal*
                               Vaughn W. Royal, No. 942219
                               Chevy Chase Pavilion, Suite 440
                               5335 Wisconsin Avenue, N.W.
                               Washington, DC 20015-2054
                               (202) 895-1530
                               (202) 686-6405 (facsimile)
                               vroyal@royal-law.com

Of Counsel:

Paul T. O'Neill
615 Griswold Street
Suite 1300
Detroit, MI 48226-3903
(313) 963-3377
(313) 963-9310 (facsimile)
poneill@ptoplc.com

                               Attorneys for Carroll L. Knight, Delta Fuels, Inc.,
                                   Delta Fuels of Michigan, Inc. and Knight
                                   Enterprises, Inc.

CERTIFICATE OF SERVICE

*I HEREBY CERTIFY* that on August 25, 2008, a true copy of the Defendants' Answer to Complaint, Affirmative Defenses and Jury Demand, which was electronically filed in this case on August 25, 2008, was submitted for electronic service to:

        Michael K. Hibey, Esquire
        Bode & Grenier, LLP
        1150 Connecticut Avenue, N.W.
        Ninth Floor
        Washington, DC  20036


Dated: August 25, 2008        */s/ Vaughn W. Royal*
                                                  VAUGHN W. ROYAL