FILED

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

SEP 20 2011

CLERK, U.S. DISTRICT COURT
DISTRICT OF COLUMBIA

```
                              )
BODE & GRENIER, L.L.P.,)
                              )
          Plaintiff,          )
                              )
              v.              )       Civil Action No. 08-1323 (RWR)
                              )       (Under Seal)
                              )
CARROLL L. KNIGHT,            )
et al.,                       )
                              )
          Defendants.         )
_____)
```

<u>MEMORANDUM OPINION AND ORDER</u>

Plaintiff law firm Bode & Grenier, L.L.P., brings this
diversity action for breach of contract and unjust enrichment
against Carroll Knight, Delta Fuels, Inc., Delta Fuels of
Michigan, Inc., and Knight Enterprises, and breach of guaranty
against defendant Carroll Knight only, to recover at least
$75,105.97, for defendants' purported failure to pay for legal
services provided to them by plaintiff.  The parties cross-moved
for summary judgment, and the magistrate judge has recommended
that both motions for summary judgment be denied.  Because the
magistrate judge's recommendation to deny the defendants' motion
for summary judgment is supported in law and the defendants'
objections are without merit, that recommendation will be
adopted.  However, because there are no issues of material fact
in dispute regarding defendants' counterclaim and Bode & Grenier
is entitled to judgment in its favor on the counterclaim,

-2-

Bode & Grenier's objections will be sustained and judgment will be entered for Bode & Grenier on the defendant's counterclaim.

BACKGROUND

From 1994 through 2008, Bode & Grenier represented the defendants in various matters, including litigation relating to gasoline contracts and petroleum futures, regulatory and tax matters, and litigation arising out of a petroleum spill on the defendants' property in Toledo, Ohio. (Compl. ¶ 1; Defs.' Stmt. of Mat. Facts ("Defs.' Stmt.") ¶ 2.) Bode & Grenier alleges that during the entire 13-year period that it represented the defendants, the defendants had agreed verbally to be billed monthly for Bode & Grenier's services. (Compl. ¶ 12.) During the representation over the petroleum spill, Bode & Grenier performed multiple tasks for the defendants, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

Redacted from Original

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ (Id. ¶ 18.)

Bode & Grenier alleges that between December 2005 and January 2007, the defendants sporadically paid Bode & Grenier's monthly bills. However, after January 2007, the defendants ceased paying, causing Bode & Grenier's managing partner William Bode to telephone Knight and ask him to explain the delinquency in the account. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

-3-

[Redacted from Original]

Further, Knight

assured Bode [Redacted from Original]

that he personally guaranteed payment of all delinquent and

future legal fees and expenses incurred by the defendants.   In

reliance on that guarantee, Bode & Grenier continued to provide

legal services to the defendants. (Id. ¶¶ 22-27.)

[Redacted from Original]

(Compl. ¶ 29.)   Bode responded

that Bode & Grenier would stop providing legal services to the

defendants unless Knight provided partial security for the

outstanding legal bills, by executing a promissory note and

confession of judgment.   Knight then signed a retention letter

iterating the terms of the lawyer-client relationship between

Bode & Grenier and the defendants and acknowledging that

Bode & Grenier was owed $446,566 for legal services, and executed

a promissory note for $300,000 payable on May 1, 2008 to

Bode & Grenier.   On May 1, 2008, the defendants failed to pay the

amount owed under the promissory note.   Bode & Grenier withdrew

as counsel for the defendants in the various cases that were

active in which it represented the defendants, and on May 2,

-4-

2008, filed in state court in Michigan the confession of judgment accompanying the promissory note.  (Id. ¶¶ 29-32; Defs.' Stmt. ¶ 4.)

Bode & Grenier then filed the instant action, alleging breach of contract against all defendants for $75,105.97 in unpaid legal bills (Count I), alleging unjust enrichment against all defendants (Count II), seeking to enforce Knight's personal guarantee (Count III), and seeking to pierce the corporate veil and hold Knight personally responsible for any liability of the other defendants (Count IV).  The defendants answered and filed a counterclaim for disgorgement or forfeiture of legal fees, based on the allegation that the complaint filed by Bode & Grenier divulged privileged communications in violation of its fiduciary duty to keep client confidences secret under Rule 1.6 of the District of Columbia Rules of Professional Conduct.

Both parties moved for summary judgment.  The magistrate judge issued two opinions recommending denying both motions for summary judgment.  See Bode & Grenier, L.L.P. v. Knight, Civil Action No. 08-1323 (RWR/DAR), 2010 WL 882650 (D.D.C. March 10, 2010), and Bode & Grenier, L.L.P. v. Knight, Civil Action No. 08-1323 (RWR/DAR), 2010 WL 908934 (D.D.C. March 12, 2010).  Both parties filed objections to the opinions.

## DISCUSSION

"The magistrate judge's report and recommendation is reviewed de novo." Inversora Murten, S.A. v. Energoprojekt Holding Co., 671 F. Supp. 2d 152, 154-155 (D.D.C. 2009) (citing LCvR 72.3(c), and Fed. R. Civ. P. 72).

"Summary judgment may be appropriately granted when the moving party demonstrates that there is no genuine issue as to any material fact and that moving party is entitled to judgment as a matter of law." Bonaccorsy v. Dist. of Columbia, 685 F. Supp. 2d 18, 22 (D.D.C. 2010) (citing Fed. R. Civ. P. 56(c)). "In considering a motion for summary judgment, [a court is to draw] all 'justifiable inferences' from the evidence . . . in favor of the nonmovant." Cruz-Packer v. Dist. of Columbia, 539 F. Supp. 2d 181, 189 (D.D.C. 2008) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986)); Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). "However, a non-moving party cannot defeat summary judgment by 'simply show[ing] that there is some metaphysical doubt as to the material facts.'" Bonaccorsy, 685 F. Supp. 2d at 22 (quoting Moore v. Hartman, 571 F.3d 62, 66 (D.C. Cir. 2009) (quoting Matsushita, 475 U.S. at 586)). "'Briefs containing mere allegations or merely denying the movant's pleading are not enough to prevent summary judgment; instead, a non-movant must go beyond the pleadings to proffer specific facts rebutting the

movant's assertions.'"   Bonaccorsy, 685 F. Supp. 2d at 22

(quoting Graham v. Holder, 657 F. Supp. 2d 210, 215 (D.D.C. 2009)

(citing Greer v. Paulson, 505 F.3d 1306, 1315 (D.C. Cir. 2007),

and Burke v. Gould, 286 F.3d 513, 517-18 (D.C. Cir. 2002)).   "The

relevant inquiry 'is the threshold inquiry of determining whether

there is a need for a trial - - whether, in other words, there

are any genuine factual issues that properly can be resolved only

by a finder of fact because they may reasonably be resolved in

favor of either party.'"   Single Stick, Inc. v. Johanns, 601 F.

Supp. 2d 307, 312 (D.D.C. 2009) (quoting Anderson, 477 U.S. at

250) (overruled on other grounds by Prime Time Int'l Co. v.

Vilsack, 599 F.3d 678 (D.C. Cir. 2010)).   A genuine issue is

present where the "evidence is such that a reasonable jury could

return a verdict for the non-moving party," although "'[t]he

possibility that a jury might speculate in the plaintiff's favor

is insufficient to defeat summary judgment.'"   Pardo-Kronemann v.

Donovan, 601 F.3d 599, 611 (D.C. Cir. 2010) (affirming summary

judgment for defendant despite supervisor's statements that the

adverse employment action came from the administrative office

where the plaintiff "had some pretty powerful enemies," because

the statements reflected a personal opinion insufficient for a

reasonable jury to conclude that the employer's explanation was

pretext for retaliation) (quoting Haynes v. Williams, 392 F.3d

478, 485 (D.C. Cir. 2004).   Summary judgment is appropriate where

the evidence is "so one-sided that one party must prevail as a matter of law." Anderson, 477 U.S. at 248, 252.

I. DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

The defendants moved for summary judgment, arguing that this action was precluded by the doctrine of res judicata, based on the earlier confession of judgment filed in Michigan by Bode & Grenier against the defendants for $300,000 in attorney fees. (Defs.' Mem. in Supp. of Mot. for Summ. J. ("Defs.' Mem.") at 2.) According to the defendants, the judgment against the defendants in the Michigan action was a final judgment on the merits, and Michigan law broadly applies the doctrine of res judicata, precluding both claims that were actually litigated and every claim arising from the same transaction that the parties could have raised but did not. Bode & Grenier opposed, arguing that res judicata was inapplicable because the action filed in Michigan was not a final judgment on the merits, and that instead of being characterized as an action to recover attorney fees, it was a specialized proceeding to enforce a promissory note. (Pl.'s Opp'n at 1-2.)

The magistrate judge recommended denying the defendants' motion for summary judgment because the defendants had not established that the Michigan action constituted a final judgment on the merits.

> The undersigned finds that Defendants have failed to
> point to evidence in the record from which the court

-8-

could determine that "a prior judgment exists[.]"
Defendants rely upon the docket sheet and the consent
judgment filed in the Michigan court. However, the
docket sheet is bereft of any entry which indicates
that the parties ever appeared before a judge of the
Michigan court, or that a judge of the Michigan court
rendered any decision with respect to the merits.  The
judgment neither includes nor refers to any findings
with respect to the merits of the Michigan case;
rather, the judgment merely reflects the acknowledgment
of Defendants that they had failed to comply with the
terms of the promissory note executed by the parties.

Bode & Grenier, 2010 WL 908934, at *5.

The defendants have filed objections to that report and

recommendation, arguing that it erred and misapplied Michigan law

by determining that the confessed judgment action filed by

Bode & Grenier in Michigan was not decided on the merits.

(Defs.' Objns. at 2.)

Under 28 U.S.C. § 1738, "federal courts must give state

court judgments the same preclusive effect as would be given by

the courts of the state where the judgments emerged."  Smith v.

District of Columbia, 629 F. Supp. 2d 53, 57 (D.D.C. 2009)

(citing Migra v. Warren City Sch. Dist., 465 U.S. 75, 81 (1984)).

In Michigan, "[t]he doctrine of res judicata is employed to

prevent multiple suits litigating the same cause of action."

Adair v. Michigan, 680 N.W.2d 386, 396 (Mich. 2004).  Res

judicata precludes "a subsequent action between the same parties

when the evidence or essential facts are identical."  Dart v.

Dart, 597 N.W.2d 82, 89 (Mich. 1999).  "The doctrine bars a

second, subsequent action when (1) the prior action was decided

on the merits, (2) both actions involve the same parties or their
privies, and (3) the matter in the second case was, or could have
been, resolved in the first."  Adair, 680 N.W.2d at 396.[1]  Under
Michigan law, the "burden of proving res judicata is on the party
asserting it."  Buck v. Thomas M. Cooley Law Sch., 597 F.3d 812,
817 (6th Cir. 2010).

> Michigan broadly applies the doctrine of res judicata
> to advance its purposes.  Pierson Sand & Gravel, Inc[.]
> v. Keeler Brass Co[.], 596 N.W.2d 153, 161 (Mich.
> 1999).  "As a general rule, res judicata will apply to
> bar a subsequent relitigation based upon the same
> transaction or events . . . ."  Id.  Thus, under
> Michigan's broad approach to res judicata, the doctrine
> "bars not only claims already litigated, but also every
> claim arising from the same transaction that the
> parties, exercising reasonable diligence, could have
> raised but did not."  Adair, at 121.  There are two
> alternative tests for determining when res judicata
> will bar a claim in a second lawsuit because the claim
> could have, with the exercise of reasonable diligence,
> been brought in the first action: the "same
> transaction" test and the "same evidence" test.  Id. at
> 124.  The "same evidence" test looks to "whether the
> same facts or evidence are essential to the maintenance
> of the two actions."  Jones, at 401.  As stated in
> [Dart]: "Res judicata bars a subsequent action between
> the same parties when the evidence or essential facts
> are identical."

---

[1] The standard for establishing res judicata in the District
of Columbia is similar.  A lawsuit will be barred by res judicata
in the District of Columbia if there has been earlier
"'litigation (1) involving the same claims or cause of action,
(2) between the same parties or their privies, and (3) there has
been a final, valid judgment on the merits, (4) by a court of
competent jurisdiction.'"  Capitol Hill Group v. Pillsbury,
Winthrop, Shaw, Pittman, LLC, 569 F.3d 485, 490 (D.C. Cir. 2009)
(quoting Smalls v. United States, 471 F.3d 186, 192 (D.C. Cir.
2006)).

Begin v. Mich. Bell Tel. Co., 773 N.W.2d 271, 283 (Mich. App. 2009).

The defendants provided with their motion for summary judgment the signed 2008 confession of judgment in favor of Bode & Grenier in the amount of $302,500.[2]  (Defs.' Mem. Ex. 3.) In Michigan, confessions of judgment are governed by MCL 600.2906, which provides:

> Judgments may be entered in any circuit court at any time, upon a plea of confession, signed by an attorney of such court, **although there is no suit then pending between the parties**, if the following provisions are complied with, and not otherwise:
>
> (1) The authority for confessing such judgment shall be in some proper instrument, distinct from that containing the bond, contract or other evidence of the demand for which such judgment was confessed;
>
> (2) Such authority shall be produced to the officer signing each judgment, and shall be filed with the clerk of the court in which the judgment shall be entered, at the time of the filing and docketing of such judgment.  [Emphasis added.]

MCL 600.2906.

Here, the report and recommendation correctly found that the doctrine of res judicata does not bar the instant action based upon the confession of judgment.  The transaction in a confession of judgment is the process of obtaining the signatory's signature on the note and confession of judgment itself, not the events that formed the basis of the debt.  The evidence that would be

---

[2] The promissory note contained a promise to pay $300,000. The confession of judgment included $2,500 in attorney fees.

used to establish or dispute the confession of judgment - - the confession and note - - is distinct from the evidence that would be necessary to establish the underlying debt.  See Corrigan v. Downing, 562 N.E.2d 923, 924-25 (Ohio App. 1988).  In addition, the process used to establish a confession of judgment does not lend itself well to adding additional claims based upon the underlying debt.  See Gordon v. Heller, 260 N.W. 156, 157 (Mich. 1935) (stating that "the confession of judgment is purely ex parte").  While the defendants argue that Begin supports treating confessions of judgment as final judgments on the merits, Begin applied res judicata to a "consent judgment" that was entered in the course of contested litigation, not a confession of judgment entered through the procedures listed in MCL 600.2906.  The court noted that the parties did not dispute that the consent judgment in that case was a final judgment decided on the merits.  Begin, 773 N.W.2d at 282-283.  The magistrate judge correctly found that the defendants had not met their burden of establishing that res judicata precluded the instant action, and the defendants' objections will be overruled.[3]

---

[3] Bode & Grenier also argues that res judicata should not apply here because the debt that is the subject of this action did not become ripe until after the firm filed the confession of judgment.  Bode & Grenier attached to its opposition to the defendants' motion for summary judgment Bode's affidavit which stated that at the time the confession of judgment was entered, the firm had not yet determined the exact amount owed by the defendants.  (Defs.' Opp'n Ex. 7 ¶¶ 5-8.)  Because the defendants did not meet their burden of showing that the confession of

-12-

II.   PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

In their answer to the complaint, the defendants asserted a counterclaim[4] against Bode & Grenier for disgorgement or forfeiture of all of the legal fees paid by the defendants to Bode & Grenier, claiming that Bode & Grenier breached its fiduciary duty to the defendants by divulging the defendants' "confidences, secrets and privileged communications" in the complaint in this action.   (Defs.' Counterclaim ¶¶ 4-9.)   The defendants' counterclaim did not specify the portions of the complaint that purportedly divulged the defendants' confidences, secrets, and privileged communications.   However, in its motion for summary judgment, Bode & Grenier states that the defendants informed them that the information at issue is found in paragraphs 8 through 11, 16 through 18, 24 through 30, 34, 46, and 49 through 51.   (Pl.'s Mot. for Summ. J. at 6.)   Briefly, paragraphs 8 through 11 and 16 through 18 allege that Knight was the president, director, sole stockholder and sole corporate

judgment was a final judgment on the merits that justified applying the doctrine of res judicata to preclude this action, this argument will not be addressed.

   [4] The parties both assert that the counterclaim is governed by the law of the District of Columbia.   (See Pl.'s Mot. to Dismiss at 4; Defs.' Mem. in Opp'n to Mot. to Dismiss at 3-7.) "The Court is under no obligation to question [the parties] assumptions [that District of Columbia law applies], and so it will assume that District of Columbia law applies to the issues addressed in this Opinion."   Jacobsen v. Oliver, 555 F. Supp. 2d 72, 77 (D.D.C. 2007), citing  CSX Transp., Inc. v. Commercial Union Ins. Co., 82 F.3d 478, 482-83 (D.C. Cir. 1996).

-13-

officer of the other defendants, and that Bode & Grenier represented the defendants for 13 years in a number of matters including litigation about an oil spill on the defendants' property in 2005.   Paragraphs 24 through 30 allege and describe conversations between Bode & Grenier and Knight regarding the defendants' unpaid legal bills,

Redacted from Original

and that Knight "stood behind" the other defendants and personally guaranteed payment of all of their delinquent legal bills.   Paragraphs 34 and 49 through 51 allege that the corporate defendants were mere instrumentalities and alter egos of Knight, and that Knight used the corporate defendants to avoid paying Bode & Grenier's legal bills.   Paragraph 46 alleges that Knight "clearly and unambiguous[ly] expressed his intent" to personally guarantee the legal bills owed to Bode & Grenier by the other defendants.

Bode & Grenier moved for summary judgment on the defendants' counterclaim, arguing that the complaint did not reveal any confidential communications made for the purpose of securing legal advice or services, that several of the paragraphs of the complaint cited in the counterclaim contained public information, that the defendants did not establish that Bode & Grenier knowingly revealed any client secrets or confidences in the complaint, and that disgorgement of legal fees would not be

-14-

appropriate here even if the complaint did reveal the defendants' confidences or secrets. (Pl.'s Mem. in Supp. of Mot. for Summ. J. at 3, 5-6.) The defendants opposed.

The magistrate judge recommended denying Bode & Grenier's motion for summary judgment on the counterclaim. The report and recommendation concluded that there was a genuine issue of material fact as to the extent that Bode & Grenier revealed confidences and secrets based on the "transcript of the deposition of Counterclaimant Knight, who testified that he shared information about his personal and business finances with Counter-Defendant during the course of their attorney-client relationship." Bode & Grenier, 2010 WL 882650 at *3-5.

Bode & Grenier filed objections to that report and recommendation. Bode & Grenier argues that even if Bode & Grenier knowingly disclosed client confidences, secrets, and privileged communications in the complaint, disgorgement would not be available as a remedy because the alleged breach of fiduciary duty could not have compromised or corrupted the representation because the breach occurred after the representation ended; because disgorgement is not available for breaches of the duty that Bode & Grenier is alleged to have breached; and because disgorgement is an inappropriate equitable remedy. (Pl.'s Obj'ns at 4.)

-15-

In order to state a claim under District of Columbia Law for breach of fiduciary duty, the defendants must allege that: "(1) defendant owed plaintiff a fiduciary duty; (2) defendant breached that duty; and (3) to the extent plaintiff seeks compensatory damages -- the breach proximately caused an injury." Paul v. Judicial Watch, Inc., 543 F. Supp. 2d 1, 5-6 (D.D.C. 2008). "A violation of the Code of Professional Responsibility or of the Rules of Professional Conduct can constitute a breach of the attorney's common law fiduciary duty to the client." Griva v. Davison, 637 A.2d 830, 846-47 (D.C. 1994); see also Hendry v. Plelland, 73 F.3d 397, 401 (D.C. Cir. 1996). District of Columbia Rule of Professional Conduct 1.6 prohibits a lawyer from knowingly revealing, using to a client's disadvantage, or using to the attorney's advantage, information protected by the attorney-client privilege under D.C. law or information gained in the professional relationship that the attorney's client has requested to be held inviolate or which would be deleterious or embarrassing to the client to reveal. D.C. Rule of Prof. Cond. 1.6. A disclosure of client confidences can constitute a breach of an attorney's fiduciary duty of loyalty to its client. Herbin v. Hoeffel, 806 A.2d 186, 197 (D.C. 2002) (reversing dismissal of the plaintiff's claim that his attorney in a criminal matter breached her fiduciary duty of loyalty by disclosing confidential

information to a prosecutor in order to assist with the prosecution of the plaintiff).

Disgorgement of legal fees for a breach fiduciary duty is an equitable remedy, United States v. Project on Gov't Oversight, 572 F. Supp. 2d 73, 76-77 (D.D.C. 2008), and equitable remedies are generally left for a court to decide within its sound discretion, Smith-Haynie v. Dist. of Columbia, 155 F.3d 575, 578 (D.C. Cir. 1998). One decision in this district explained that "disgorgement is an extraordinary remedy, and if it is ever appropriate, it should be used only in situations where the deterrence rationale is so important that only disgorgement will serve a socially useful purpose." Avianca v. Corriea, Civil Action No. 85-3277 (RCL), 1992 WL 93128, *12 (D.D.C. April 13, 1992). "[U]nder District of Columbia law, clients suing their attorney for breach of the fiduciary duty . . . and seeking disgorgement of legal fees as their sole remedy need prove only that their attorney breached that duty, not that the breach caused them injury." Hendry v. Pelland, 73 F.3d 397, 401-02 (D.C. Cir. 1996). In the District of Columbia, the "general rule is that an attorney need only return fees for the representation which was compromised by a breach of fiduciary duty[.]" Avianca, 1992 WL 93128, at *12. Disgorgement may not be warranted where a purported breach of fiduciary duty occurs after an attorney's discharge. Orendick v. Chiodo, 272 A.D.2d 901, 902 (N.Y. App.

-17-

2000) (reversing trial court's judgment for clients in a disgorgement action, in part because the purported breach of fiduciary duty occurred after the attorney was discharged).

Both parties analyze the defendants' claim for disgorgement under the standard set forth in the Restatement (Third) of the Law Governing Lawyers § 37.  It states that "[a] lawyer engaging in a clear and serious violation of duty to a client may be required to forfeit some or all of the lawyer's compensation for the matter.  Considerations relevant to the question of forfeiture include the gravity and timing of the violation, its willfulness, its effect on the value of the lawyer's work for the client, any other threatened or actual harm to the client, and the adequacy of other remedies."  Restatement (Third) of the Law Governing Lawyers § 37.

Bode & Grenier argues that the timing of the violation would not justify disgorgement and did not affect the value of Bode & Grenier's work because the disclosures occurred after the representation ended, that the disclosures were not willful because Bode & Grenier did not reveal and does not believe that its complaint revealed confidential information, and that there was no threat of harm from the disclosure.  (Pl.'s Mem. at 21-23.)  The defendants disagree.  The defendants argue that disgorgement is appropriate when an attorney has engaged in "abusive fee-collection methods," although they provide no

-18-

authority to support their characterization of Bode & Grenier's
actions as "abusive." (Defs.' Opp'n at 14.) The defendants also
argue that the threat of harm was great ███████████████████████
██ Redacted from Original ██████████████████████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
█████████████████ While ███ Redacted from Original ██████████████
██████████████████████████████████ the risk here is wholly
speculative, and ██ Redacted from Original ██does not help tip the
scales the defendants' favor. In any event, the parties do not
provide authority that the District of Columbia follows the rule
set forth in Restatement (Third) of the Law Governing Lawyers
§ 37.

     Otherwise, even assuming that there is a genuine issue as to
whether Bode & Grenier revealed secrets or confidences by filing
the complaint, the facts here would not warrant the exercise of
discretion to award disgorgement. Applying Avianca's rule that a
breach of fiduciary duty justifies disgorgement of fees for the
representation which was compromised by the breach, the
defendants do not show that the alleged breach compromised any
portion of Bode & Grenier's representation. The defendants do
not allege that Bode & Grenier revealed client confidences or
secrets during their thirteen year attorney-client relationship.

-19-

The alleged violation occurred only after Bode & Grenier

attempted repeatedly to obtain payment for legal services it

rendered to the defendants and ended their representation of

them.  In addition, the rationale of deterring behavior like

Bode & Grenier's in this case is not so strong that only

disgorgement will serve a socially useful purpose since

Bode & Grenier took prompt action to mitigate any perceived harm

to the defendants.  It moved to seal the complaint and thus

prevent the continued disclosure of the sensitive material in the

complaint approximately two days after the defendants filed their

counterclaim and 27 days after Bode & Grenier filed the complaint

in this matter.  This case does not involve a law firm breaching

its duty of loyalty from nearly the beginning of the lawyer-

client relationship and continuously for more than one year, see

Financial General Bankshares, Inc. v. Metzger, 523 F. Supp. 744

(D.D.C. 1981), vacated on other grounds in Financial General

Bankshares, Inc. v. Metzger, 680 F.2d 768 (D.C. Cir. 1982).  Nor

does this case involve an attorney representing multiple parties

to a transaction with conflicting interests, see Hendry, 73 F.3d

at 401.  Nor do the defendants argue that Bode & Grenier's

unauthorized disclosures made the fees charged by Bode & Grenier

somehow unreasonable.  See Bertelsen v. Harris, 537 F.3d 1047,

1056-58 (9th Cir. 2008) (affirming judgment for defendant law

firm on a clients' claim for disgorgement where the trial court

held that even if the firm breached its fiduciary duty to the clients by failing to disclose potential conflicts of interest and obtain written conflict waivers, the firm's conduct was not "so egregious as to justify disgorgement of fees paid" and the firm's fee was reasonable for the work done).

Likewise, in Sealed Party v. Sealed Party, Civil Action No. 04-2229, 2006 WL 1207732 (S.D. Tex. May 4, 2006), a client sued an attorney and his law firm for divulging in a promotional press release confidential information about a settlement agreement into which the client had entered. Id., 2006 WL 1207732, at *4. The court held that the attorney breached his "fiduciary duty under Texas law to not disclose his former client's . . . confidential information without the Client's permission," and that the attorney did so for his "self promotion and potential financial gain." Id., 2006 WL 1207732, at *17, 19. However, the court entered judgment for the attorney on the client's claim for equitable forfeiture, because "the remedy of forfeiture must fit the circumstances presented" and in that case, "the public interest in maintaining the integrity of attorney-client relationships is served by the conclusions herein that the Attorney breached a fiduciary duty to the Client, but not ordering a forfeiture." Id., 2006 WL 1207732, at *20-21.

The violations alleged by the defendants, even assuming they are true, do not warrant an equitable award of fee disgorgement,

and Bode & Grenier are entitled to judgment. The objection to the recommendation to deny the plaintiff's motion for summary judgment on the defendants' counterclaims will be sustained, and judgment will be entered for the plaintiff on the counterclaim.

## CONCLUSION AND ORDER

The defendants have not shown that res judicata bars this case. The record presents no material issue regarding whether any post-representation fiduciary breach by plaintiff was willful enough to support disgorgement of legal fees or caused any actual or impending harm to the defendants, and the plaintiff is entitled to judgment on the defendants' counterclaim. Thus, it is hereby

ORDERED that the defendants' objections [43] to the recommendation to deny the defendants' motion for summary judgment be, and hereby are, OVERRULED. The defendants' motion [28] for summary judgment is DENIED. It is further

ORDERED that the plaintiff's objections [42] to the recommendation to deny the plaintiff's motion for summary judgment be, and hereby are, SUSTAINED. Plaintiff's motion for summary judgment [27] is GRANTED. Judgment is entered for the plaintiff on the defendants' counterclaims. It is further

ORDERED that plaintiff's motion [51] to lift the stay entered on plaintiff's motion for leave to amend the complaint

-22-

pending determination of the objections to the reports and recommendations be, and hereby is, GRANTED.   It is further

ORDERED that the parties confer and file under seal by October 11, 2011, a notice attaching a mutually agreed upon proposed redacted version of this memorandum opinion and order that could be filed on the public docket.

SIGNED this 20th day of September, 2011.

/s/
_____
RICHARD W. ROBERTS
United States District Judge