UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| BODE & GRENIER, L.L.P., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.: 08-cv-1323 (DAR) |
| | ) | |
| CARROLL L. KNIGHT, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## PLAINTIFF'S OBJECTIONS TO DEFENDANTS' WITNESS LIST, EXHIBIT LIST, AND DESIGNATED DEPOSITION TESTIMONY

Pursuant to Fed. R. Civ. P. 26(a)(3) and LCvR 16.5(e) and this Court's July 17, 2012 Minute Order, Plaintiff Bode & Grenier, LLP ("Plaintiff"), though counsel, hereby objects to Defendants' Schedule of Witnesses to be Called, Exhibits, and Depositions Offered into Evidence, as described in in Defendants' Pretrial Statement.  Plaintiff states in support of such objections:

**OBJECTION NO. 1 – Defendants have improperly named Plaintiff's trial counsel as a potential fact witness.**

Under "Schedule of Witnesses to be Called" in their Pretrial Statement, Defendants improperly purport to list Plaintiff's *trial counsel* as a witness to be called:  "Other attorneys and/or assistants or paralegals currently or formerly employed by Bode and Grenier LLP, including but not limited to **Randell Ogg** and John Verdi."

First, Mr. Ogg is **not** employed by Bode & Grenier LLP.  Mr. Ogg is the principal of The Law offices of Randell C. Ogg, and has been retained by Bode & Grenier LLP specifically as trial counsel in this litigation.  Second, as is reflected consistently throughout the record in this case, Mr. Ogg did not perform any of the work for Defendants which gives rise to this litigation.

Third, counsel for Defendants confirmed that Defendants had no objection to Mr. Ogg functioning as counsel. Thus, it is entirely improper for Defendants to name or attempt to call Plaintiff's trial counsel as a fact witness in this matter. Any and all information held by Mr. Ogg related to this matter is known to him from his role as counsel to Bode & Grenier LLP, and is thus privileged and confidential.

Plaintiff hereby requests that this Court strike the portion of Defendants' Pretrial Statement purporting to name Mr. Ogg as a witness.

**OBJECTION NO. 2 – Defendants should be precluded from introducing documents which they have not specifically identified by date and title.**

At bullet points 6 through 10 of the section of Defendants' Pretrial Statement under the heading "Exhibits," Defendants have listed a number of general categories of documents. This vague list of potential exhibits does not meet the specificity required by the local rule: "The list of exhibits **shall set forth a description of each exhibit** the party may offer in evidence (other than those created at trial), separately identifying those which the party expects to offer and those which the party may offer if the need arises. **Exhibits shall be listed by title and date.**" LCvR 16.5(b)(6) (emphasis added). Instead, Defendants have listed general categories of documents:

- Further Emails between Mr. Ranks and/or Mr. Knight and Mr. Bode and/or representatives of Bode and Grenier, LLC [sic];
- All other correspondence, written or electronic, between Defendants and any of their representatives or employees and Plaintiff and any of its representatives or employees;
- Billing invoices sent by Plaintiff to Defendants;
- Checks paid to Plaintiff from Defendant
- Timesheets and/or other billing documents from any and all attorneys working on the underlying litigation.

(Defendants' Pretrial Statement at p.5)

Plaintiff has no idea which "further emails" Defendants may attempt to introduce, what "other correspondence" they may attempt to offer at trial, or which specific "billing invoices," "checks" or "timesheets" will be introduced, as none of these documents have been listed by date and title, as required. Pursuant to the Local Rule, identified exhibits are "presumed to be authentic." Thus, Defendants' failure to specifically identify each exhibit will prevent Plaintiff from determining before the trial whether there are any objections as to the myriad of potential documents that fall under these general categories. Plaintiff therefore requests that Defendants be precluded from introducing every document not specifically identified by date and title, including such documents falling under any of these general categories.

**OBJECTION NO. 3 – The Promissory Note dated August 7, 2007 (the first exhibit on Defendants' List of Exhibits) is irrelevant.**

**OBJECTION NO. 4 – Defendants should be precluded from offering into evidence deposition testimony which has not been identified by page and line (and which is equally available from a live witness).**

Under the heading "Depositions Offered into Evidence," Defendants have identified that they intend to "offer the Deposition of William H. Bode into evidence." This is improper both because Defendants Mr. Bode's testimony will be available live at trial and because Defendants failed to identify by page and line the portions of the testimony which they intend to offer into evidence.

The designation of the transcript is inappropriate where the live witness will be available to testify. Mr. Bode will attend the trial, and therefore entering his entire deposition into evidence will be both unnecessary and unhelpful to the finder of fact. Separate from the availability of Mr. Bode at trial, pursuant to LCvR 16.5(b)(7), "The designation of depositions shall identify each deposition or portion thereof (**by page and line numbers**) the party intends to offer in evidence." (emphasis added). Instead of designating portions of a deposition transcript

which they intend to offer into evidence, Defendants have identified the *entire deposition transcript* of Mr. Bode, the principal of Bode & Grenier LLP and a fact witness who will testify live at the trial. To the extent the designation of any portion of Mr. Bode's testimony for offering into evidence is permissible, Defendants' failure to identify any portions of Mr. Bode's deposition by page and line which they intend to offer into evidence has prevented Plaintiff from preparing for or objecting to any such designated testimony, and prevents Plaintiff from making any cross-designations of additional portions of the testimony.

Respectfully submitted,

By:   Randell C. Ogg (D.C. Bar #324772)
      The Law Offices of Randell C. Ogg
      1150 Connecticut Avenue, N.W.
      Ninth Floor
      Washington, D.C.  20036
      Telephone: (202) 862-4323
      Fax: (202) 828-4130
      E-mail: rogg@bode.com
      -     and     -

      Andre M. Gregorian (D.C. Bar #482815)
      BODE & GRENIER, LLP
      1150 Connecticut Avenue, N.W.
      Ninth Floor
      Washington, D.C.  20036
      Telephone:  (202) 828-4100
      Fax:  (202) 828-4130
      E-mail:  mleventhal@bode.com

      *Counsel for Plaintiff*

Date:  October 9, 2012

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the foregoing was served in accordance with the ECF procedures of this Court.

*Randell C. Ogg  /s/*
Randell C. Ogg