## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| BODE & GRENIER, L.L.P.<br>1150 Connecticut Avenue, NW<br>Ninth Floor<br>Washington, D.C.  20036 | ) ) ) ) ) | |
| Plaintiff, | ) ) | Case No: 08-01323 (RWR/DAR) |
| -vs- | ) ) ) | Hon. Richard W. Roberts |
| CARROLL L. KNIGHT,<br>32214 Old Timber Road<br>Farmington Hills, MI 48018 | ) ) ) ) | Magistrate Deborah A. Robinson |
| -and- | ) ) | |
| DELTA FUELS, INC.,<br>40600 Grand River<br>Novi, Michigan 48375 | ) ) ) ) | |
| -and- | ) ) | |
| DELTA FUELS OF MICHIGAN, INC.,<br>40600 Grand River<br>Novi, Michigan 48375 | ) ) ) ) | |
| -and- | ) ) | |
| KNIGHT ENTERPRISES, INC.,<br>40600 Grand River<br>Novi, Michigan 48375 | ) ) ) ) | |
| Defendants.<br>_____ | ) ) ) | |

## **DEFENDANTS' AMENDED PRETRIAL STATEMENT**

NOW COMES, the Defendants, CARROLL L. KNIGHT, DELTA FUELS, INC.,

DELTA FUELS OF MICHIGAN, INC., and KNIGHT ENTERPRISES, INC., by and

1

through their attorneys, GIARMARCO, MULLINS, & HORTON, P.C., and for their Amended Pretrial Statement, state as follows:

## 1. Statement of the Case

This is an action to recover unpaid legal fees pursuant to a Retention Letter entered into by the parties in August of 2007. Specifically, Plaintiff Bode and Grenier, LLP claims that Defendants Knight, Delta Fuels, Inc., Delta Fuels of Michigan, Inc., and Knight Enterprises, Inc., failed to pay approximately $75,000 in legal fees incurred over a span of two months in late 2007. Defendants dispute the legal fees as incurred as being in violation of the retention letter, excessive, and unlawful.

This court has jurisdiction pursuant to 28 U.S.C. §1332(a)(1), based on diversity jurisdiction.

## 2. Statement of Claims

Defendants have no pending cross-, counter-, or third party-claims pending in this matter.

## 3. Statement of Defenses

In addition to a general denial of the allegations and claims brought forth in Plaintiff's First Amended Complaint, Defendants assert that the attorney fees incurred by Plaintiff were in violation of the terms and conditions of the Retention Letter, signed by the Defendants. Notably, the Plaintiffs were required to submit future work and potential fees to the Litigation Committee for review and preapproval. Plaintiff's failed to do this, in violation of the Retention Letter. Further, the Plaintiffs failed to assign work to associates, as required and in violation of the Retention Letter. As such, Plaintiff was

the first to materially breach the Retention Letter and is not entitled to any fees incurred thereunder.

Defendants also assert that the fees incurred by the Plaintiff were unreasonable, excessive, and unlawful. Likewise, Plaintiff is not entitled to attorney fees for work performed while representing themselves in the instant suit for collection of fees in the underlying case.[1]

Additionally, since Mr. Knight was never represented individually represented by Plaintiff, Mr. Knight never individually guaranteed payment for any legal fees in the underlying matter. Likewise, Mr. Knight never pierced the corporate veil and never exposed himself to personal liability in this matter. Finally, there were never any oral contracts or agreements between the parties.

**4.  Schedule of Witnesses to be Called**

Defendants anticipate calling the following witnesses:

- Carroll L. Knight – c/o Defendants' Attorney
  Estimated Time of Testimony – 5-6 Hours
  Mr. Knight will testify as to having personal knowledge as to the work performed by Plaintiff, as to the facts, circumstances, and understanding with respect to the Retention Letter, to being a member of the Litigation Committee, to Plaintiff's violations of the terms and conditions articulated in the Retention Letter, and as to the lack of oral contracts between the parties.

- Dan Ranks – c/o Defendants' Attorney
  Estimated Time of Testimony – 3-4 Hours
  Mr. Ranks will testify as to having personal knowledge as to the work performed by Plaintiff, as to the facts, circumstances, and understanding with respect to the Retention Letter, to being a member of the Litigation Committee, to Plaintiff's violations of the terms and conditions articulated in the Retention Letter, and as to the lack of oral contracts between the parties.

---

[1] See Defendants' pending Motion to Limit Attorney Fees.

- William H. Bode – c/o Plaintiff's Attorney
  Estimated Time of Testimony – 5-6 Hours
  Mr. Bode will testify as to having personal knowledge regarding the work performed, the creation of the Retention Letter, interaction with the Litigation Committee, and the agreements and understanding between the parties.

- John Verdi
  Estimated Time of Testimony – 1-2 Hours
  Mr. Verdi will testify as to having personal knowledge regarding the work performed, the Retention Letter, interaction with the Litigation Committee, and the agreements and understanding between the parties.

- Custodian of Records from Bode and Grenier, LLP

## 5. Exhibits

- Promissory Note, dated August 7, 2007 (motion will be filed to show relevant to the instant case);

- Retention Letter, dated August 7, 2007;

- Deposition of William H. Bode, taken February 16, 2009 (for impeachment purposes in accordance with the Federal Rules of Civil Procedure and the Federal Rules of Evidence);

- Email between Dan Ranks and William Bode, dated August 1, 2007;

- Email between Dan Ranks and William Bode, dated August 2, 2007;

- Email from William Bode to Marshall-Melhorn and Defendants, dated February 25, 2008;

- Email chain between William Bode and Carroll Knight and Dan Ranks, dated October 15, 2007;

- Email chain between William Bode and Carroll Knight and Dan Ranks, dated October 12, 2007;

- Email chain between William Bode and Carroll Knight and Dan Ranks, dated January 22, 2008;

- Email chain between William Bode and Carroll Knight and Dan Ranks, dated January 23, 2008;

- Email chain between William Bode and Carroll Knight and Dan Ranks, dated August 31, 2007;

- Email chain between William Bode and Carroll Knight and Dan Ranks, dated November 8, 2007;

- Email chain between William Bode and Carroll Knight and Dan Ranks, dated February 11, 2008;

- Email chain between William Bode and Carroll Knight and Dan Ranks, dated October 1, 2007;

- If the need arises, Defendants will offer the Monthly bills sent from Plaintiff to Defendants for the months of August 2007, September 2007, October 2007, November 2007, December 2007, January 2008, February 2008, March 2008, April 2008, May 2008, and June 2008.

- If need arises, Defendants will offer daily billing statements for attorney William Bode for the above listed months.

- If need arises, Defendants will offer daily billing statements for attorney John Verdi for the above listed months.

- If need arises, Defendants will offer daily billing statements for attorney Dennis Delja for the above listed months.

- Defendants reserve the right to amend this exhibit list as further exhibits become known, including those that become necessary over the course of trial for rebuttal and /or impeachment.

## 6. Depositions Offered into Evidence

If need arises, Defendants intend to offer the Deposition of William H. Bode for impeachment purposes, as well as for any other purposes allowable, in accordance with the Federal Rules of Civil Procedure and the Federal Rules of Evidence

## 7. Itemization of Damages

Defendants do not have any itemized damages with respect to this matter.

## 8. Other Relief Sought

Defendants request any relief, including costs and attorney fees, which may be reasonable and just under the circumstances and in accordance with the proofs established at trial.

Respectfully submitted,

GIARMARCO, MULLINS & HORTON, P.C.

_/s/ Daniel J. Kelly_____
DANIEL J. KELLY
Attorney for Defendants
101 W. Big Beaver Road, 10th Floor
Troy, MI  48084

Dated:  October 11, 2012

## CERTIFICATE OF SERVICE

Daniel J. Kelly hereby states that on 11th day of October, 2012, he caused the foregoing Amended Pretrial Statement to be filed electronically with the United States District Court for the District of Columbia and that copies of said motion were forwarded to all counsel of record using the ecf system.

_/s/  Daniel J. Kelly_____